UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: **Lois A. Yankah,**　　　　　　　　　Case No. 12-35627-DOT
Debtor.　　　　　　　　　　　　　　　　　Chapter 7

## MEMORANDUM OPINION AND ORDER

Hearing was held July 23, 2013, on the motion of debtor Lois A. Yankah for violation of automatic stay and creditor misconduct against Clifford J. Mack, the former landlord of debtor's rented apartment. At the conclusion of hearing the court took the motion under advisement. Subsequent to the hearing, on August 1, 2013, the court received from debtor an undated letter that asked the court to allow her to present additional evidence in support of her motion. The court treats this letter with its attachments as a motion to rehear or a motion for reconsideration.

Facts.

Debtor Lois A. Yankah filed a chapter 13 bankruptcy petition on September 27, 2012; the case was converted to a chapter 7 on April 9, 2013.

Prepetition, debtor rented from Clifford J. Mack an apartment located at 251 Rocketts Way #304 in Henrico County, Virginia. On December 14, 2012, the court entered an order granting relief from stay to landlord Mack. The order modified the stay to permit landlord Mack to enforce the contractual lease agreement with debtor due to her delinquency in rental payments. Subsequent to entry of this order, landlord Mack obtained lawful possession of these premises, and debtor was evicted.

When she left her apartment, items of debtor's personal property remained in the premises, some of which she never recovered. On June 3, 2013, debtor filed a

1

Motion for Violation of Automatic Stay and Creditor Misconduct against landlord Mack, alleging in substance that upon her eviction landlord Mack refused to allow debtor to recover her property and that he claimed the property as his own due to debtor's failure to remove the assets in a timely manner. She further alleges that landlord Mack violated the automatic stay of the Bankruptcy Code, 11 U.S.C. §362, by setting off her rental security deposit in the amount of $1,155 against unpaid rent. Additional facts are stated below.

Debtor further asserts that because landlord Mack allegedly willfully violated the automatic stay, she is entitled to compensatory and punitive damages.

The initial hearing on debtor's motion for violation of the automatic stay was held on June 19, 2013. At that time landlord Mack's counsel appeared and acknowledged that landlord still held some of debtor's property; counsel advised the court that debtor had been given an opportunity to recover her property; he further advised the court that debtor had been told that landlord Mack would allow her to recover her property from the former premises on June 29, 2013. The court, after initially indicating debtor's motion would be denied as to any property loss, continued hearing on the motion to July 23 to allow for debtor to recover her property on June 29. The court anticipated that the parties would return on July 23, and debtor could then present evidence as to any property that she did not recover. Accordingly, on June 20, the court wrote a letter to debtor and landlord's counsel stating that at the continued hearing on July 23, "I expect to hear evidence on the circumstances surrounding the eviction and the disposition of Ms. Yankah's personal property. . . . If the court rules

against Mr. Mack on the question of liability, Ms. Yankah should be prepared to prove her damages through admissible evidence."

At the continued hearing on July 23, debtor presented little or no specific evidence of the items of personal property that had not been recovered. She merely submitted a previously signed affidavit in which she stated in summary that her damages were $50,000. At the conclusion of the July 23 hearing, the court did not make a specific ruling but stated to the parties that debtor had not proved any damages from her loss of personal property.

On August 1, before the court had entered an order with respect to debtor's motion, the court received from debtor a letter to which was attached a document entitled "Disposed Property List and Description." This detailed list of 331 items of personal property includes such items as school books and related items, cosmetics, clothing, jewelry, shoes, and handbags. An additional attachment, entitled "Items still in Mr. Mack's Possession," lists 21 items of household furnishings and kitchenware. No monetary values are stated with respect to the lists.

The court treats debtor's letter received August 1 as a motion for rehearing or reconsideration of the court's oral statement at hearing on July 23. The landlord's counsel filed a detailed objection to any reconsideration, arguing that debtor has been given more than ample opportunity to prove her damages.

MOTION TO RECONSIDER

A motion to reconsider or to alter or amend a judgment is governed by Rule 59 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 59, made applicable by

Bankruptcy Rule 9023, Fed. R. Bankr. P. 9023. Rule 59(a)(2) provides that "the court may, on motion for a new trial . . . take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. Fed. R. Civ. P. 59(a)(2). Rule 59(e) provides authority for the court to alter or amend a judgment. The Fourth Circuit Court of Appeals has stated that motions to alter or amend under Rule 59(e) "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or present manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007), quoting *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

Although the circumstances in the present case would not ordinarily warrant a new hearing if debtor were represented by an attorney, the fact that she is not represented is of great concern to the court. I agree with the argument made by landlord Mack's counsel that the court has already given deference to debtor's pro se status. While another hearing might be considered unfair to landlord Mack, I nevertheless find that any inconvenience to him must yield to the reality of the circumstances.

Debtor's testimony has established that following her eviction, she has lost virtually all of the property in her apartment. Her evidence at least suggests that landlord Mack violated the stay by unreasonably limiting debtor's ability to recover her property and then disposing of it. The fact that landlord Mack may have complied with Virginia landlord and tenant law can be considered, but that would not preclude

4

damages from a stay violation. The court recognizes that landlord Mack has not had an opportunity to present his side of the controversy.

The court is confronted by a situation that presents the possibility of "manifest injustice" brought about by the fact that debtor just did not know how to present her case. I therefore conclude that debtor's request to present additional evidence should be granted. A new hearing will be scheduled during which debtor will have an opportunity to present evidence limited to her damages from loss of personal property caused by landlord Mack's alleged willful violation of the automatic stay.

The court will withhold ruling on debtor's other allegations of damages until after the rehearing. However, no additional evidence relating to these other allegations will be received in a new hearing.

The court notes that in his response to debtor's letter, counsel for landlord Mack states that debtor did not provide landlord Mack with the exhibits attached to her letter. The letter indicates that copies were sent to counsel for landlord Mack, and the court therefore requests debtor to provide a copy of the letter with all attachments to counsel for landlord Mack by close of business September 6, 2013.

For the reasons stated,

IT IS ORDERED that debtor's motion for reconsideration of the court's oral statements at hearing on July 23, 2013, is granted, and it is further

ORDERED that a new evidentiary hearing, limited as stated above, will be held on Tuesday, September 12, 2013, at 2:00 p.m. at U.S. Bankruptcy Court, U.S. Courthouse, 701 E. Broad St., Room 5100, Richmond, VA 23219, and it is further

ORDERED that Ms. Yankah shall provide a copy of her letter filed August 1, 2013, with all attachments, to counsel for Mr. Mack no later than close of business on September 6, 2013.

ENTERED:   August 30, 2013

/s/ Douglas O. Tice Jr.
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Lois A. Yankah
P. O. Box 85
Richmond, VA 23218

Bruce H. Matson
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA
23218-2499

Robert B. Van Arsdale
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Robert A. Canfield
Canfield, Baer, & Heller, LLP
2201 Libbie Ave., Suite 200
Richmond, VA 23230