UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| *In re*: ) | |
| ) | Case No. 12-35627-DOT |
| Lois A. Yankah, ) | |
| ) | |
| *Debtor*. ) | Chapter 7 |
| ) | |
| ) | |
| Lois A. Yankah, ) | |
| ) | |
| *Movant*, ) | |
| ) | |
| v. ) | |
| ) | |
| T-Mobile USA, Inc., ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION AND ORDER

Hearing was held on December 4, 2013, on a motion to quash filed by T-Mobile USA, Inc., and on a motion for new trial filed by Debtor Lois A. Yankah. At the hearing, which debtor did not attend, no argument or evidence was presented to the court by any party, and the court announced that the motion to quash would be granted and the motions for new trial or in the alternative to alter or amend judgment would be denied. In accordance with that ruling, the following constitutes the court's findings of fact and conclusions of law on the motion to quash and the motion for new trial or in the alternative to alter or amend the court's previous judgment. It also addresses a motion by debtor for an extension of time within which to file the motion for new trial or a motion to alter or amend the court's previous judgment.

1

On October 9, 2013, the court entered its order denying the motion for contempt filed by debtor Lois Yankah against T-Mobile USA, Inc. Debtor filed a motion for a new trial on October 18, 2013. That three-line motion simply requested a new trial under Rule 9023 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9023, to "allow newly discovered material evidence favorable to the moving party that was not discovered by the moving party and produced at trial at the August 19, 2013 hearing."

T-Mobile objected, arguing that Rule 9023 allows the production of new evidence only when the evidence was not available at trial. T-Mobile argued that debtor had not set forth any reason why evidence was not available for trial other than the debtor's failure to produce it and pointed out that a motion for a new trial based on newly discovered evidence "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Greene v. U.S. Dep't of Educ.*, Adv. Pro. No. 11-05016-SCS, 2013 WL 1724924, at *14 (Bankr. E.D. Va. Apr. 22, 2013), *aff'd* 2013 WL 5503086, Civil No. 4:13cv79 (E.D. Va. Oct. 2, 2013), (quoting *United States v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). T-Mobile also argued that debtor had failed to satisfy the Fourth Circuit's standards for a new trial based on newly discovered evidence as set forth in *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

In light of that response, debtor filed a second motion for new trial on November 5, 2013, and added a request that the court's previous judgment be altered or amended. Debtor cited no authority for the motion to alter or amend, but the court assumes the authority to be Rule 7052 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 7052. The motion to alter or amend was untimely and must be denied, as under Rule

7052 it should have been filed within the 14 days after the entry of the October 7, 2013, judgment.

The November 5, 2013, motion for new trial attempted to remedy the errors of the first motion that were pointed out in the T-Mobile response. This motion was untimely as well, as it should have been brought within 14 days of the entry of the October 7, 2013, judgment, pursuant to Rule 9023. The court finds this untimely motion to be debtor's request for the proverbial "second bite of the apple." However, even if the court considers the November 5, 2013, pleading to be an amendment to the first Rule 9023 motion, the motion must still be denied.[1]

Relief under Rule 59, incorporated in part by Bankruptcy Rule 9023, "is an 'extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *Hamerly v. Fifth Third Mortg. Co. ( In re J & M Salupo Dev. Co.),* 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. Limited., Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1998)).[2]

---

[1] On November 19, 2013, debtor filed a request to enlarge the time to file the motion for new trial. However, Rule 9006(b)(2) of the Federal Rules of Bankruptcy Procedure states that "[t]he Court may not enlarge the time for taking action under Rules…7052, 9023…." Fed. R. Bankr. P. 9006(b)(2).

[2] Judge Stair has recently addressed these issues. "A motion under Rule 59 is not, however, "intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories[,]" and "[t]he burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *In re Nosker*, 267 B.R. 555, 564-65 (Bankr. S.D. Ohio 2001). Likewise, "[a] motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier [,]" *Golden v. U.S. Bank Nat'l Ass'n, ND*, 2012 WL 4426525, at *1, 2012 U.S. Dist. LEXIS 137249, at *2–3 (E.D.Mich. Sept. 25, 2012), and "[t]ypically a motion for reconsideration that simply restates the same arguments will be denied." *J & M Salupo Dev. Co.*, 388 B.R. 795 at 805 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)); *see also Carter v. Porter*, 2012 WL 298479, at * 1, 2012 U.S. Dist. LEXIS 12185, at *4

Debtor argues that the court failed to consider the evidence before it. To the contrary, the court considered all of the evidence before it in depth. In particular, debtor argues that the court erroneously found that there was $36.65 past due post-conversion balance on debtor's account at the times of service disconnections on May 20, 2013, and June 5, 2013. However, the court derived the $36.65 amount by reducing the unpaid $233.28 amount that was due on May 6, 2013, by the $196.63 credited by T-Mobile for all pre-conversion amounts due.[3] As to the other allegations regarding the court's findings of fact, debtor has failed to show that an error occurred. The allegations set forth in debtor's motion merely indicate that debtor disagrees with the court's evaluation and interpretation of the evidence presented, and that she wishes to have the opportunity to relitigate her case. That is not a proper ground for a new trial under Rule 9023 or to alter or amend the judgment under Rule 7052. *See Marlow v. Dept. of Educ. (In re Marlow)*, Adv. Pro. No. 11-3221, 2012 WL 7749284, at *7 (Bankr. E.D. Tenn. Nov. 19, 2012).

"In the Fourth Circuit, a new trial may be granted under Federal Rule of Civil Procedure 59 '(1) if there are intervening changes in the law; (2) if new evidence has been discovered that was not available at trial; or (3) to correct a clear error of law or

---

(E.D.Ky. Feb. 1, 2012) ("Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence."); *Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr .S.D.Fla.2004) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."); *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr.N.D.Ga.1996) (stating that a Rule 59 motion may not be "viewed as a means for overcoming one's failure to litigate matters fully."). " *Marlow v. Dept. of Educ. (In re Marlow)*, Adv. Pro. No. 11-3221, 2012 WL 7749284, at *2 (Bankr. E.D. Tenn. Nov. 19, 2012).

3 That $196.63 credit appeared on the bill due July 6, 2013. At no time has debtor contested the accuracy of that amount.

4

prevent a miscarriage of justice.'" *Greene v. U.S. Dep't of Educ.*, Civil No. 4:13cv79, 2013 WL 5503086, at *8 (E.D. Va. Oct. 2, 2013) (quoting *McCain v. Educ. Credit Mgt. Corp. (In re McCain),* 353 B.R. 452, 461 (Bankr. E.D. Va. 2006). The court finds that debtor has not proven any of those elements. No change of law has been alleged, the court finds no manifest injustice, and the evidence sought to be introduced or discovered was not presented at trial only because debtor failed to obtain it in a timely manner.

Debtor also seeks to obtain additional evidence through a discovery subpoena. Additional discovery of evidence that was available before the trial is not proper. T-Mobile has moved to quash the subpoena. Debtor has not alleged that she was unable to obtain the requested evidence prior to the trial upon proper request. Rather, it appears that she did not take steps to obtain certain evidence that she now seeks to have T-Mobile produce. That is not a sufficient reason to allow her to conduct additional discovery after trial and the entry of judgment. Rule 9023 does not allow a new trial or post-judgment discovery in such a circumstance. Therefore,

IT IS ORDERED that the motion of T-Mobile to quash the discovery subpoena served by debtor Lois Yankah is GRANTED, and the subpoena is QUASHED, and it is further

ORDERED that the motion to extend the time to file a motion under Rule 9023 or Rule 7052 of the Federal Rules of Bankruptcy Procedure is DENIED, and it is further

ORDERED that the motions of debtor for a new trial pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure are DENIED, and it is further

ORDERED that the motion of debtor to alter or amend the court's findings pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure is DENIED.

Signed: December 11, 2013

                                          /s/ Douglas O. Tice Jr.
                                  United States Bankruptcy Judge

Copies:

Jennifer J. West, Esq.
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

Sage M. Sigler, Esq.
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309

Lois Yankah
P.O. Box 85
Richmond, VA 23218

Bruce H. Matson, Trustee
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23218

Robert B. Van Arsdale
Office of the U.S. Trustee
701 East Broad St., Ste. 4304
Richmond, VA 23219