UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:

LOIS A. YANKAH,

                    Debtor.

Civil Action No. 3:13–CV–804

CLIFFORD J. MACK,

                    Appellant,

   v.

LOIS A. YANKAH,

                    Appellee.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on appeal from the Bankruptcy Court's denial of a motion for reconsideration filed by Appellant Clifford J. Mack ("Mack"). For the reasons that follow, the Court AFFIRMS the bankruptcy court's orders and DISMISSES this Appeal.

### I.

On June 4, 2012, Appellee Lois A. Yankah ("Yankah") entered into a lease agreement with Mack for the rental of real property located at 251 Rocketts Way # 304, Richmond, Virginia 23231. In September 2012, having made only one month's payment of rent to Mack, Yankah filed chapter 13 bankruptcy. Mack sought relief from the bankruptcy court's stay, and such relief was granted on December 14, 2012, allowing Mack to enforce the contractual lease agreement against Yankah.

On March 25, 2013, the General District Court for the County of Henrico, Virginia

1

("Henrico General District Court") granted an unlawful detainer filed by Mack, allowing him to evict Yankah from the rented property. After being served with the Unlawful Detainer, Yankah converted her chapter 13 bankruptcy to a chapter 7 bankruptcy on April 9, 2013. Despite this, Yankah was served with a second eviction notice on April 29, 2013, and Mack took possession of the leased property along with Yankah's personal property—which had not been removed—on May 2, 2013.

On June 3, 2013, after the Parties' efforts to return Yankah's personal property to her possession failed, Yankah filed a Motion for Violation of Automatic Stay and Creditor Misconduct ("Misconduct Motion") against Mack. Briefly, Yankah alleged that Mack refused to allow her to recover her personal property and violated the Bankruptcy Code's automatic stay, 11 U.S.C. § 362, by using her security deposit to offset unpaid rent. The initial hearing on Yankah's Misconduct Motion was held on June 19, 2013. In that hearing, the bankruptcy court appears to have denied Yankah's Misconduct Motion orally, but subsequently continued the Misconduct Motion until July 23, 2013.[1] Compare Docket Annotation, In re Yankah, No. 12-35627-KLP (Bankr. E.D. Va. June 19, 2013), ECF No. 65 (indicating "Motion Denied"), with id., ECF No. 66 (indicating that the Misconduct Motion was "to be set for Evidentiary Hearing[] per direction of Court"). The bankruptcy court indicated that it deferred disposition of the Misconduct Motion in order to allow Yankah an additional opportunity to recover property still in Mack's possession. The bankruptcy court indicated to both Parties that the purpose of the July 23 hearing was to take evidence on the circumstances surrounding the eviction and disposition of Yankah's personal property and—in the event of a ruling in Yankah's favor—to take evidence on resulting damages.

At the hearing on July 23, 2013, Yankah failed to present specific, admissible evidence of

---

[1] The bankruptcy court later clarified that although it "initially indicat[ed]" that the Misconduct Motion would be denied on June 19, 2013, it found that an evidentiary hearing was necessary later that same day and, accordingly, scheduled such a hearing on July 23. See Memorandum Opinion & Order at 2, In re Yankah, No. 12-35627-KLP (Bankr. E.D. Va. Aug. 30, 2013), ECF No. 95.

the personal property not recovered from Mack. Instead, she submitted only an affidavit summarily stating $50,000 in damages. The bankruptcy court took the matter under advisement, but stated that Yankah "had not proved any damages from her loss of personal property." Memorandum Opinion & Order at 3, *In re Yankah*, No. 12-35627-KLP. On August 1, 2013, before the bankruptcy court had entered an order regarding the Misconduct Motion, Yankah sent an undated letter to the bankruptcy court indicating that—as a *pro se* litigant—she did not understand what was required to prove damages. She requested another opportunity to provide evidence of her damages related to the Misconduct Motion.

The bankruptcy court construed this letter as a motion for reconsideration ("Letter Motion") of the court's oral statements at the hearing on July 23. Mack filed a formal objection to the Letter Motion on August 8, 2013 ("Objection"). [2] Over this "detailed objection," the bankruptcy court granted Yankah's Letter Motion for reconsideration by Order dated August 30, 2013 ("August Order") and scheduled a third hearing on the Misconduct Motion to be held on September 12, 2013. *Id.*

Prior to the September 12, 2013 hearing, Mack filed an omnibus motion with the bankruptcy court seeking, among other things, reconsideration of the court's August Order ("Motion for Reconsideration"). On September 12, the court denied Mack's Motion for Reconsideration from the bench. In a subsequent order ("September Order"), the bankruptcy court indicated that Mack's Motion for Reconsideration was denied for the reasons set forth in the August Order and for those stated from the bench on September 12. In that hearing, Mack indicated an intention to appeal the bankruptcy court's denial of Mack's Motion for Reconsideration, causing the court to defer its consideration of the Misconduct Motion.

On December 12, 2013, Mack filed this Appeal seeking reversal of the September Order, that is, the bankruptcy court's denial of Mack's Motion for Reconsideration. Yankah filed a brief

---

[2] Mack's Objection spoke only to the appropriateness of reconsideration pursuant to Rule 60.

on January 2, 2014. She additionally filed three documents subsequent to the Appeal before this Court: (1) an Emergency Motion for an Expedited Ruling on Interlocutory Appeal (ECF No. 8) on May 2, 2014, to which Mack objected on May 7, 2014; (2) what was docketed as a "Notice of Interlocutory Appeal" on June 13, 2014; and (3) on June 20, 2014, a Motion for Certification of Direct Appeal from a Bankruptcy Order (ECF No. 13), which appears to seek certification of direct appeal to the Fourth Circuit of the bankruptcy court's order of May 16, 2014.[3] For his part, Mack subsequently filed a Motion to Dismiss Yankah's Notice of Interlocutory Appeal (ECF No. 15) and a Motion *in Limine* (ECF No. 16), which requested that the Court strike various records Yankah filed in support of her Notice of Interlocutory Appeal.[4]

## II.

Federal Rule of Bankruptcy Procedure 8001 authorizes appeals as of right from final judgments, orders, and decrees of the bankruptcy court. Fed. R. Bankr. P. 8001(a) (governing

---

[3] The Court will not address or consider these subsequent filings in resolving the instant Appeal. As to the Emergency Motion, Yankah seeks expedited disposition of this Appeal. Beyond resolution of the already-pending Appeal, the Motion seeks no other relief that this Court can provide. As such, the Court will deny it as moot.

As to the Notice of Interlocutory Appeal, the records filed by Yankah are not relevant to this Appeal. Yankah appears to have attempted to supplement and/or consolidate this Appeal, which was brought by Mack, with her appeal of a subsequent order of the bankruptcy court. Yankah's separate appeal of the bankruptcy court's order of May 16, 2014, has been docketed with the bankruptcy as required by the Federal Rules of Bankruptcy Procedure, and cannot be consolidated with this pending appeal brought by Mack. *See* Fed. R. Bankr. P. 8001(a). Should Yankah wish to seek certification of her separate appeal to the Fourth Circuit, she may do so pursuant to Bankruptcy Rule 8001(f) by filing "in the court in which [the appeal] is pending." Fed. R. Bankr. P. 8001(f)(2) (noting that a certification should be filed in the bankruptcy court before the appeal is docketed with the district court, but should be filed in the district court after the appeal is docketed with the district court). Accordingly, neither the Notice of Interlocutory Appeal nor the materials in support thereof are properly considered on this Appeal.

Similarly, as to the Motion for Certification, Yankah seeks certification of an appeal from an order filed in adversary proceeding 13-03180 on May 16, 2014. However, the only bankruptcy order properly before the Court on this Appeal is the September Order. Yankah has not requested that appeal of the September Order be certified to the Fourth Circuit, and this Court does not have the authority to exceed the scope of the issues brought by Appellant Mack. (Br. Appellant 1.) Accordingly, the Motion for Certification will be denied.

[4] As explained in note 3, *supra*, the Court has not considered Yankah's Notice of Interlocutory Appeal or the materials submitted in support thereof in resolving this Appeal. As such, Mack's Motion to Dismiss and Motion *in Limine* will be denied as moot.

appeals pursuant to 28 U.S.C. §§ 158(a)(1) and (a)(2)). In contrast, appeals from interlocutory

judgments, orders, or decrees of the bankruptcy court must be accompanied by a motion for

leave to appeal and will be considered in the discretion of the court. Fed. R. Bankr. P. 8001(b);

*see also* 28 U.S.C. § 158(a)(3). If a required motion for leave to appeal is not filed, the appeal is

improperly taken; however, such improperly taken appeals are regarded as motions for leave to

appeal and may be granted or denied in the district court's discretion. Fed. R. Bankr. P. 8003(c).

On a properly taken appeal, the district court may "affirm, modify, or reverse a

bankruptcy judge's judgment, order, or decree or remand with instructions for further

proceedings." Fed. R. Bankr. P. 8013. The district court reviews the bankruptcy court's findings

of fact for clear error and its conclusions of law *de novo. Terry v. Meredith (In re Meredith),* 527

F.3d 372, 375 (4th Cir. 2008) (citing *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch),* 258

F.3d 315, 319 (4th Cir. 2001)). Decisions committed to the discretion of the bankruptcy court are

reviewed for abuse of discretion. *See Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th

Cir. 1992); *accord Mercantile Peninsula Bank v. French (In re French),* 499 F.3d 345, 357 n.11

(4th Cir. 2007); *Morris v. Zabu Holding Co. (In re Morris),* 385 B.R. 823 (Bankr. E.D. Va. 2008)

(collecting cases applying the abuse of discretion standard on appeal).

Under the abuse of discretion standard, the district court will not reverse the bankruptcy

court unless its conclusion was "guided by erroneous legal principles," or "rests upon a clearly

erroneous factual finding." *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 261 (4th Cir. 1999)

(citations omitted). However, even if the bankruptcy court applies the proper legal principles to

supported facts, the district court may reverse if it holds "a definite and firm conviction that the

[bankruptcy court] committed a clear error of judgment in the conclusion it reached upon a

weighing of the relevant factors." *Id.* (quoting *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494,

506 (4th Cir. 1977)).

5

### III.

Two issues are presented to the Court on this Appeal. First, the Court must determine whether it will grant leave for Mack to appeal. Second, the Court must determine whether the bankruptcy court's denial of Mack's Motion for Reconsideration was an abuse of discretion.

### A.

Mack concedes that the September Order is not appealable as of right, *see* 28 U.S.C. § 158(a)(1), and therefore, the Court must determine whether it will grant Mack leave to appeal, *see* 28 U.S.C. § 158(a)(3).[5] Section 158(c)(2) provides that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). Because section 158(a)(3) offers no guidance for granting leave for an interlocutory appeal, "district courts have routinely looked by analogy to the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals in non-bankruptcy cases." *First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC*, 470 B.R. 364, 371-72 (E.D. Va. 2012) (citing *Atl. Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996)). Under section 1292(b), leave to file an interlocutory appeal should be granted only where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion," and immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b). However, because section 1292(b) is contrary to the general rule that only final orders may be appealed, leave should be granted infrequently, and the requirements of section 1292(b) should be strictly construed. *See Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

In this case, the Court has discretion to either grant or deny Mack leave to appeal the September Order. First, the September Order arguably does involve a controlling question of law—namely, whether a court abuses its discretion in holding that a *pro se* party's inexperience

---

[5] Mack appears to have properly filed a motion for leave to appeal with the bankruptcy court on October 7, 2013. This motion was transmitted to this Court in designation of record and does not appear as a separate Motion on the Court's docket.

with evidentiary requirements caused "manifest injustice" sufficient to warrant reconsideration pursuant to Federal Rule of Civil Procedure 59(e). *Pac. Ins. Co.*, 148 F.3d at 403; *see* Fed. R. Civ. P. 59(e). Second, there may be a ground for a difference of opinion on the issue presented; as subsequently demonstrated, courts have resolved analogous situations differently. Third, immediate appeal may materially advance the termination of the litigation because a ruling in Mack's favor will effectively deny Yankah the opportunity to present evidence of property damages, limiting the Misconduct Motion to a single issue; on the other hand, regardless of the outcome of this Appeal, the bankruptcy court must still resolve the Misconduct Motion. For these reasons, either a grant or denial of leave to appeal is supportable; however, to prevent the inefficiency of relitigating this issue after a possible judgment in Yankah's favor, the Court elects to grant Mack leave to appeal the September Order.

### B.

Reaching the merits of the Appeal, the Court notes that motions to reconsider may be granted in only three circumstances: in order "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). While there is some support for the proposition that a *pro se* litigant's inexperience with procedural or evidentiary rules is insufficient to create manifest injustice, Mack points to no controlling authority that indicates that such a holding is clearly erroneous or contrary to law. As such, in light of the fact that courts have resolved this issue differently, the Court cannot find Judge Tice's decisions to be an abuse of discretion or guided by clearly erroneous legal principles.

At bottom, Mack argues that the bankruptcy court abused its discretion in denying his Motion to Reconsider because the August Order constituted clear error by the bankruptcy court in so far as it granted Yankah a second rehearing on legally insufficient grounds. His Appeal,

therefore, can only succeed if the Court determines that the bankruptcy court erred twice: first by entering the August Order (granting Yankah's Letter Motion) and second by entering the September Order (denying Mack's Motion for Reconsideration). The Court's review of both orders is appropriate because "designation of a postjudgment motion in the notice of appeal is adequate to support a review of the final judgment when the intent to do so is clear." *Brown v. French*, 147 F.3d 307, 311 (4th Cir. 1998). The Court, therefore, must determine whether these orders were "guided by erroneous legal principles," or "rest[] upon a clearly erroneous factual finding." *Westberry*, 178 F.3d at 261.

Considering each order separately, the Court finds that Mack's Appeal fails. As to the September Order, it is well settled that a motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court "rethink what the Court has already thought through--rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Mack's Motion for Reconsideration, which was denied by the September Order, merely asked the bankruptcy court to rethink what it had already thought through. Judge Tice gave both Mack and Yankah notice that he intended to construe the Letter Motion as a motion for reconsideration and provided Mack the opportunity to be heard on that issue. The August Order clearly stated the standard for reconsideration pursuant to Rule 59(e) and found that manifest injustice may occur if the Letter Motion were not granted. Contrary to Mack's assertions, therefore, the August Order granted the Letter Motion in order to "prevent manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 403. Mack's Motion for Reconsideration merely restated the Rule 59(e) standard and argued that reconsideration was not warranted. Because it provided no grounds for denial that the Court had not explicitly considered, the bankruptcy court acted within its authority in denying Mack's Motion for Reconsideration. The September Order was not guided by erroneous legal principles and did not rest on clearly erroneous factual findings. Accordingly, the bankruptcy court did not abuse its discretion by entry of the

8

September Order.

It is less clear whether the August Order constituted an abuse of the bankruptcy court's discretion. The August Order granted reconsideration of the damages portion of the Misconduct Motion pursuant to Rule 59(e) in order to prevent the manifest injustice that would occur if Yankah were precluded from presenting competent evidence. At bottom, the issue presented is whether a *pro se* party's inexperience with evidentiary requirements can be sufficient to create manifest injustice.

There is conflicting support for both the bankruptcy court's position and Mack's position. For example, a district court in Louisiana has previously considered a highly analogous situation and granted a Rule 59(e) motion because a party's *pro se* status prevented him from appreciating evidentiary rules and requirements. *Ford v. Troyer*, 25 F. Supp. 2d 723 (E.D. La. 1998). In *Ford*, a *pro se* litigant requested reconsideration pursuant to Rule 59(e) of an unfavorable ruling on summary judgment. *Id.* at 725. The Court granted his request and allowed him to present a tax document directly contradicting the dispositive factual finding underlying the unfavorable judgment. *Id.* While the *Ford* Court noted that the litigant's "failure to introduce this evidence on time was due to his pro se status and understandable lack of knowledge about federal procedure." *Id.* at 726.

On the other hand, the "manifest injustice standard presents [parties] with a high hurdle," *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010), and some courts have found that a *pro se* party's status insufficient to warrant reconsideration, *see Dunn v. Harris*, No. 94-233, 2002 U.S. Dist. LEXIS 5487, at *31-33 (W.D. Pa. Mar. 13, 2002). In *Dunn*, the court did not consider manifest injustice, but rather whether the *pro se* party could be excused in his failure to conduct diligent discovery. *Id.* at 32-33. Notably, while the Court found that reconsideration was not warranted as a result of the party's *pro se* status, it found that manifest injustice would result if the grant of summary judgment were upheld despite the grant

9

of a new trial on other grounds. *Id.* at 18, 24, 33.

The Fourth Circuit has not squarely addressed this issue, but its precedents appear to be in line with the notion that "a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Westerfield*, 366 F. App'x at 619. (quoting *Bunting Bearings Corp.*, 321 B.R. 420 (Bankr. N.D. Oh. 2004)). *See generally EEOC v. Lockheed Martin Corp.*, 116 F.3d 110 (4th Cir. 1997). In *Lockheed Martin*, the Fourth Circuit affirmed the district court's reconsideration of a request to enforce a subpoena. *Lockheed Martin*, 116 F.3d at 112. Lockheed had provided affidavits in support of the request for enforcement, but the district court had an erroneous understanding of those affidavits' relevance. *Id.* In granting reconsideration, the district court considered revised affidavits that more thoroughly explained the grounds for enforcement, explicitly noting that its reconsideration was motivated by a need to prevent manifest injustice, rather than by the presentation of newly discovered evidence. *Id.*

Although there is some non-binding authority to the contrary, the Court finds Yankah's plight most similar to Lockheed's. The bankruptcy court found that Mack admitted to possessing Yankah's property on June 19, 2013, and that Yankah presented an affidavit of $50,000 in losses on July 23, 2014. While Yankah indisputably failed to present competent evidence of her damages, she sought reconsideration only of the bankruptcy court's oral statement that she had not proved damages. Notably, this statement was not accompanied by any ruling on the Misconduct Motion, (Aug. O. 3), and was made without any finding as to Mack's liability, (Aug. O. 2-3 ("If the court rules against Mr. Mack on the question of liability, Ms. Yankah should be prepared to prove her damages through admissible evidence.")). As in *Lockheed*, the bankruptcy court appears to have granted reconsideration on the grounds that Yankah had provided a revised affidavit more thoroughly demonstrating her damages; the bankruptcy court explicitly

10

held that refusing to consider Yankah's revised affidavit in light of her *pro se* status and inexperience with evidentiary requirements would result in manifest injustice. Because there is legal support for the bankruptcy court's August Order, it was not guided by erroneous legal principles and, therefore, did not abuse its discretion.

Mack's arguments to the contrary are unpersuasive. Mack devotes much of his appellate brief to the argument that Yankah sought to present evidence that was available at the time of the July 23 hearing. Mack cites to *RGI, Incorporated v. Unified Industries, Incorporated*, 963 F.2d 658 (4th Cir. 1992), for the proposition that consideration of Yankah's Letter Motion and the accompanying affidavit was error. However, *RGI* is distinguishable for two reasons. First, as already noted, the bankruptcy court explicitly grounded the August Order on the prevention of manifest injustice, rather than the existence of newly discovered evidence. This distinction is sufficient to overcome Mack's argument. *See Lockheed Martin*, 116 F.3d at 112. Second, neither party in *RGI* was proceeding *pro se*. The August Order makes plain that Yankah's *pro se* status factored heavily in the bankruptcy court's determination that manifest injustice could occur if she were precluded from presenting her evidence of damages. Mack has cited to no cases in which a court rejected a *pro se* party's request for leeway in obtaining reconsideration.[6]

Similarly, Mack asserts that Yankah should not have been granted leeway despite her *pro se* status because she has filed "numerous pleadings that have been well-researched, even citing statutes and case law." (Br. Appellant 11.) While Mack is correct that Yankah's pleadings have been numerous and have cited law, there is ample evidence in the record that Yankah lacks the legal training and sophistication of an attorney. *See supra* note 3. Mack has provided no evidence that Yankah understood evidentiary rules on or before July 23 and, therefore, his argument is

---

[6] Mack does cite to *Reale v. Wake County Human Services*, No. 5:11-CV-682-D, 2013 WL 2635181, at *2 (E.D.N.C. June 12, 2013). Although manifest injustice was not alleged, *id.* at *5, the *Reale* court correctly noted that *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure, *id.* at *2. Application of that rule led the court to find service insufficient and to dismiss seventy-two named defendants *without* prejudice. *Id.* at *1-2. *Reale* is easily distinguishable, therefore, both because the Federal Rules of Civil Procedure are not in issue and because a ruling in favor of Mack would be prejudicial to Yankah's damages claim.

11

unpersuasive.

As Mack concedes, Rule 50(e) gives the court "some discretion to determine whether additional evidence should be considered or further argument heard." *Zinkand v. Brown*, 478 F.3d 634, 367 (4th Cir. 2007). The bankruptcy court held that reconsideration was warranted because precluding Yankah from presenting competent evidence would create the possibility of manifest injustice in light of Yankah's *pro se* status. Mack has failed to demonstrate that this holding was guided by any erroneous legal principle or clearly erroneous factual finding. Therefore, the bankruptcy court did not abuse its discretion by entry of the August Order.

## IV.

For the foregoing reasons, the Court will AFFIRM the bankruptcy court's August Order and *September Order* and DISMISS this Appeal.

Let the Clerk send a copy of this Memorandum Opinion to Yankah and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___24th___ day of July 2014.