UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: Lois A. Yankah                         CASE NO.:  12-35627-KLP
                    Debtor.                   Chapter 7

LOIS A. YANKAH,

                    Debtor/Plaintiff,

v.

CLIFFORD J. MACK,

                    Defendant.

**MOTION FOR SANCTIONS PURSUANT TO RULE 37 OF THE FEDERAL RULES OF
CIVIL PROCEDURE FOR FAILURE TO RESPOND TO DISCOVERY REQUESTS
AND MEMORANDUM IN SUPPORT THEREOF
AND NOTICE OF HEARING**

        Clifford J. Mack (hereinafter "Mack" and/or "Plaintiff"), by counsel, pursuant to Rule 37

of the Federal Rules of Civil Procedure, states as follows:

        1.      On September 9, 2014, the Status Hearing was held in this matter, which Lois A.

Yankah (hereinafter "Yankah") did not attend.

        2.      An Order Scheduling Hearings, which outlined discovery, was entered by the

Court on September 5, 2014.

---

ROBERT A. CANFIELD, VSB#16901
CANFIELD, BAER & HELLER, LLP
2201 LIBBIE AVENUE, SUITE 200
RICHMOND, VA 23230
☎ 804-673-6600
🖨 804-673-6604
BCANFIELD@CANFIELDBAER.COM
*COUNSEL FOR CLIFFORD J. MACK*

3.      On September 15, 2014, Mack sent to Yankah a letter and included both the Order and Discovery requests. Please see attached <u>Exhibit A</u>.

4.      As of the time of filing of this Motion, to response has been made to any of the discovery materials sent to Yankah.

5.      Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7037 of the Federal Rules of Bankruptcy Procedure, states that if a party "fails to obey an order to provide or permit discovery…, the court where the action is pending may issue further just orders." These orders may include prohibiting the defendant from supporting or defending claims or defenses or from introducing evidence, rendering a default judgment against the disobedient party, and considering the disobedient party to be in contempt of court.

6.      Further, the court may additionally order that the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure. FRCP 37(b)(2)(C).

7.      Attached as <u>Exhibit B</u> is Plaintiff's Certification pursuant to FRCP 37(d)(1)(B) that he in good faith attempted to confer with the party failing to act in an effort to obtain response without court action, also evidence by <u>Exhibit C</u>, which is a letter to Defendant asking that the responses be remitted so that no further legal action need be taken. No response has been received.

8.      Defendant has violated FRCP 37 by disregarding the Pretrial Order.

WHEREFORE, Clifford J. Mack hereby requests that sanctions be ordered against Defendant Lois A. Yankah including, but not limited to: prohibiting the defendant from supporting or defending claims or defenses or from introducing evidence, rendering a default

judgment against the disobedient party, considering the disobedient party to be in contempt of

court, ordering defendant to pay the reasonable expenses, including attorney's fees, caused by

her failure, and for any other relief that this Court deems necessary.

CLIFFORD J. MACK

By:   /s/ Robert A. Canfield
Counsel

Robert A. Canfield, VSB#16901
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230
☎ 804-673-6600
🖳 804-673-6604
bcanfield@canfieldbaer.com
*Counsel for Clifford J. Mack*

# CANFIELD | BAER LLP

ATTORNEYS & COUNSELORS AT LAW

1201 Libbie Avenue
Suite 200
Richmond, Virginia 23230
T 804-673-6600 | F 804-673-6604
www.canfieldbaer.com

September 15, 2014

*Sent via U.S. Mail and Electronic Mail*
Ms. Lois A. Yankah
P.O. Box 85
Richmond, Virginia 23218

Re:    **Discovery Request**
       **Deposition Scheduling**

Dear Ms. Yankah,

Judge Phillips has scheduled the final evidentiary hearing for October 30th, 2014 at 10:00 a.m. Please review the attached court order for specifics, including your responsibilities concerning the discovery process.

Also enclosed is our discovery request for this case. Please review its instructions carefully.

We will also be deposing Mr. Mack. As you did not show up for the most recent hearing, I assume that you are unaware this Mr. Mack is undergoing chemotherapy. We have arranged two possible dates so you may choose either one if you wish to participate. You may choose between Monday, October 6th, 2014 at 2:00 p.m. and Wednesday, October 8th, 2014 at 2:00 p.m. **If we have not received a response from you concerning these two dates by Friday, September 19th at 12:00 p.m., we will assume that you do not wish to appear and will schedule the depositions for October 6th.** The depositions will be taken here in our offices and we will arrange for a court reporter to be present. If you have questions concerning this process, I suggest that you consult an attorney.

Very truly yours,

Robert A. Canfield
*Managing Partner*

RAC/kw
Enclosures



CANFIELD, BAER & HELLER LLP
A PROFESSIONAL LIMITED LIABILITY PARTNERSHIP

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: Lois A. Yankah,                              Case No. 12-35627-DOT
        Debtor.                                     Chapter 7

ORDER SCHEDULING HEARINGS

A status hearing was held on September 2, 2014, on the motion for

contempt ("the Motion for Contempt") filed by Debtor Lois A. Yankah against

Clifford J. Mack. Also before the Court were Mack's motion to approve limitation

of Debtor's claim ("the Motion to Limit") and Mack's motion for sanctions ("the

Motion for Sanctions"). Present at the hearing were Mack and his attorney. The

Debtor, having been given notice of the hearings, did not appear.

At the status hearing, the Court announced that a final evidentiary

hearing on the Motion for Contempt would be held on October 30, 2014. The

Court also announced that the hearings on the Motion to Limit and the Motion

for Sanctions would be held on that same date and time, and therefore,

IT IS ORDERED that a final evidentiary hearing on the Motion for

Contempt will be held on October 30, 2014, at 10:00 a.m. at Judge Phillips's

courtroom, 701 E. Broad St., Rm. 5100, Richmond, Virginia, and it is further

ORDERED that at said final evidentiary hearing, in accordance with the

Court's orders of August 30, 2013, and September 20, 2013, the Debtor will have

an opportunity to present evidence limited to damages from loss of personal

property caused by landlord Mack's alleged willful violation of the automatic

1

stay and damages that resulted from Mack's improper setoff of the Debtor's security deposit, and it is further

ORDERED that at said final evidentiary hearing Clifford J. Mack will be given the opportunity to present his defense to the Motion for Contempt, and it is further

ORDERED that hearings on Mack's Motion to Limit and Motion for Sanctions will be held on October 30, 2014, at 10:00 a.m. at Judge Phillips's courtroom, 701 E. Broad St., Rm. 5100, Richmond, Virginia, and it is further

ORDERED that any discovery on the Motion for Contempt, the Motion to Limit or the Motion for Sanctions shall be completed on or before Monday, October 20, 2014.

Signed: September 5, 2014

/s/ Keith L. Phillips
United States Bankruptcy Judge

Copies to:                    Entered on Docket: 9/5/14

Lois A. Yankah
P. O. Box 85
Richmond, VA 23218

Bruce H. Matson
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499 Richmond, VA
23218-2499

Robert B. Van Arsdale
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

2

Robert A. Canfield
Canfield, Baer, & Heller, LLP
2201 Libbie Ave., Suite 200
Richmond, VA 23230

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: Lois A. Yankah                                    CASE NO.:  12-35627-KLP
     Debtor.                         Chapter 7

LOIS A. YANKAH,
     Debtor/Plaintiff,

v.

CLIFFORD J. MACK,
     Defendant.

## CLIFFORD J. MACK'S INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO LOIS A. YANKAH

The Defendant, Clifford J. Mack (hereinafter "Mack"), by counsel, pursuant to Rules 26

and 33 of the Federal Rules of Civil Procedures and Rule 7026 and 7033 of the Rules of

Bankruptcy Procedure, propounds the following Interrogatories with a request for admissions

and a request for production of the documents you are requested to produce, at the law offices of

Robert A. Canfield, CANFIELD, BAER & HELLER, L.L.P., 2201 Libbie Avenue, Suite 200,

Richmond, Virginia 23230.

ROBERT A. CANFIELD, VSB#16901
CANFIELD, BAER & HELLER, LLP
2201 LIBBIE AVENUE, SUITE 200
RICHMOND, VA 23230
☎ 804-673-6600
🖷 804-673-6604
BCANFIELD@CANFIELDBAER.COM
*COUNSEL FOR CLIFFORD J. MACK*

Answer each Interrogatory separately, in writing, and under oath. In answering the interrogatories, please furnish all information available to you, including information possessed by any agent, employee, or attorney representing you.

<u>DEFINITIONS AND INSTRUCTIONS</u>

For the purposes of these Interrogatories, the terms used herein shall have the following meanings unless the context requires otherwise and their sole meaning shall be so defined.

a.    "You" and "your" or any other form of either word refer to the party or parties to whom these discovery requests are directed, and their agents, attorneys, insurers, representatives and any or all other persons acting on their behalf.

b.    "Documents" means the original and each non identical copy of any written, typed, printed, recorded, graphic or computer matter, either stored, retrievable or reproduced and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, annotations or markings appearing on any document or thing, photographs, artists' renderings, invoices, tape recordings, computer printouts and work sheets) however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual constructive possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

c.    "Person" means all entities, including without limitations, all predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships and public agencies."

d.    "File" means any collections or group of documents maintained, held, stored or used together, including, without limitations, all collections of documents maintained, held or stored in folders, notebooks or other devices for separating or organizing documents.

e.    "Relating to" and "relates to" means without limitation embodying, mentioning or concerning, directly or indirectly, the subject matter identified in the Interrogatory.

f.    The words "describe" or "identify" when referring to a person are defined to require that you set forth the following information:

(1)    Full name.

(2)    Present or last known address.

(3)    Present or last known telephone number.

(4)    Present occupation, job title, employer's address.

(5)    Occupation, job title, employer and employer's address at the time of the event or period referred to in each particular Interrogatory.

(6)    In the case of any person other than an individual, identification of the officer, employee or agent most closely connected with the subject matter of that Interrogatory and of the officer who is responsible for supervising that officer or employee with regard to the subject matter of that Interrogatory.

g.    The words "describe" or "identify" when referring to a document, are defined to require that you set forth the following information:

(1)    The nature (e.g. letter, handwritten note) of the document.

(2)    The title or heading that appears on the document.

(3)    The date of the document and the date of each addendum, supplement or other addition or change.

(4)    Identification of the author and of the signor thereof, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

(5)    Identification of the addressee or recipient thereof, if any.

(6)    The present location of the document, and the name, address, position or title and telephone number of the person or persons having custody.

h.    Separately answer each part of each Interrogatory.

i.    For each document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such document state the date of the document, the name, job title and address of the person who prepared it; the name, address and title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the document; and, a description of the subject matter of the document.

j.    For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or when it could no longer

be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

k.     Whenever you are requested to give specific information, such as a date or figure, and you cannot give the exact information, state that you cannot give the exact information and give your best estimate thereof.

l.     In response to each Interrogatory, identify each person who participated in the preparation of the response, including without limitation all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of the responses, and identify and describe each file and each document consulted or referred to in the preparation of the answer.

m.     Unless otherwise specified, each Interrogatory requires a continuing response, and you are requested to reasonably supplement or amend your responses to these Interrogatories based upon any and all information and documents obtained after filing such responses.

n.     A copy of the answers must be served to counsel for the Defendant, Robert A. Canfield, Canfield, Baer & Heller, 2201 Libbie Avenue, Suite 200, Richmond, Virginia, 23230-2363, within thirty (30) days.

o.     These Interrogatories are to be deemed continuous in nature and require supplemental or amended answers if additional information is obtained subsequent to the original due date for answers.

p.     Where knowledge or information in possession of the Plaintiff is requested, such request includes knowledge of the Plaintiff, the Plaintiff's agent(s), servant(s), employee(s),

investigator(s), and unless privileged, of the Plaintiff's attorney(s), whether presently employed or employed in the past. In the event privilege is asserted, detailed information should be provided which is sufficient to determine the propriety of any such assertion.

## INTERROGATORIES

1.     Identify the person(s) answering these interrogatories and state both the mailing and physical address for this individual.

**Answer:**

2.      Identify any and all records, the existence of which is known to the Plaintiff, her agent(s), representative(s), employee(s) and/or servant(s), pertaining to any investigation conducted by the Plaintiff/Movant, its agent(s), representative(s), employee(s) and/or servant(s) relating to the conduct alleged in the Plaintiff's *Complaint*. To the extent that any employee, agent, representative and/or servant of the Plaintiff is employed, authorized or otherwise charged with the responsibility for maintaining possession, custody and/or control of any such records, identify the custodian of any such records.

**<u>Answer:</u>**

3.     Explain in detail the paperwork and information given to your prior bankruptcy attorney
and/or bankruptcy firm that detailed your assets in preparation for your bankruptcy filing, as well
as the valuation method used to value your personal property. Also include any corrections sent
to the attorney and/or firm as to the value of your assets.

**<u>Answer:</u>**

4.    For the items listed in your list of Disposed Property List and Description, please produce
for each and every item listed; (1) the item; (2) the date the you acquired said item; (3) the
valuation of the item at the time of the alleged conversion; (4) how you arrived at the valuation
amount for said item; (5) where the item was purchased; (6) why said item was not included on
your bankruptcy petition; and (7) the source of the funds that were used to purchase said item.

**Answer:**

5.    Explain in details why you did not amend your bankruptcy petition to reflect $50,000 in assets after Judge Tice brought the error to your attention in court on July 23, 2013.

**Answer:**

6.    Explain in detail why you failed to remove any personal property from the real property owned by Clifford Mack prior to the eviction date.

**Answer:**

7.    Explain in detail the steps that you undertook to gain possession of your personal
property following your eviction from the premises owned by Clifford Mack. Make sure to
include the (1) date of communication and (2) the method of communication.

**Answer:**

8.    Identify each person whom you expect to call as an expert witness at the trial of this matter.  For each such expert witness, state:

    a.  the subject matter upon which the expert will testify;

    b.  a summary of the facts and opinions to which the expert is expected to testify;

    c.  a summary of the grounds for each such opinion; and,

    d.  if the expert has submitted a report concerning the aforesaid subject matter, the reference works, authorities, scientific theories or assumptions, raw data, observations, calculations or other formulas utilized to make any such report or opinion.

**<u>Answer:</u>**

9.    Explain in detail where you obtained the funds to purchase $50,000 in personal property when your bankruptcy petition showed an average monthly income of $2,013.32.

**Answer:**

10.    Please list, starting from January 1, 2012 through September 12, 2014, all places that you were employed, including: (1) name of employer, (2) address of employer, (3) dates of employment, (3) job title, (4) whether you were compensated or not and, if so, your salary or hourly rate for this employment, and (5) the reasons surrounding the ending of said employment.

**Answer:**

11.    Please provide a list of the classes that you are claiming you failed due to your evictions, listing for each: (1) the school where you took the class, (2) the official name of the class, (3) the professor's name, (4) the dates that the class was taken, and (5) the particular circumstances (i.e. missed exam, etc.) of why you failed the class.

**Answer:**

12.    State with specificity the efforts that you have made to retake these classes and, if they have been retaken or you are currently enrolled, please state: (1) the school where you took or are taking the class, (2) the official name of the class, (3) the professor's name, (4) the dates that the class was taken, and (5) if you have already taken the class, your final grade in said class.

**Answer:**

13.    Please list, starting from January 1, 2012 through September 12, 2014, any bank account that you were or are a signatory on, including: (1) the name of the bank, (2) the account number, (3) what type of bank account, (4) any other individuals listed as signatories on the account, and (5) the opening and closing dates of each account.

**Answer:**

14.    State with specificity why you did not request Mack to sign an HOA move-out form until four days after your eviction, when  you had to made this request by May 3, 2013 at 9:00 a.m. Further explain why, when you were then offered the move-out date of your choice, you decided not to comply and leave your belongings in the unit.

**Answer:**

15.    State with specificity all legal actions to which you are or have been a party to, starting
January 1, 2012 through September 12, 2014, listing: (1) the caption of the case, (2) the court, (3)
whether you are the plaintiff or defendant or, in the alternative, the appellant or appellee, (4) the
outcome of said case, (5) the issue or dispute of each case.

**Answer:**

16.    Explain in detail your legal contentions of why Mack has violated the stay, including the relevant statutory and case law.

<u>Answer:</u>

17.    On July 23, 2013, you stated in court that the eviction notice stated that property in the possession of the landlord "upon the expiration of the 24-hour period following the eviction, may be disposed of by the landlord as the landlord sees fit or appropriate." Given your clear understanding of what would happen to your property if you did not remove it by the eviction, please explain in detail your reasons for not removing your personal property prior to your eviction.

<u>Answer:</u>

18.    Explain why you preferred, after your eviction, for all of your belongings to be left unguarded in a public way rather be being safeguarded until you could retrieve said property?

**Answer:**

19.    Please identify each and every fact witness that you intend to call to testify at trial.  In
your answer, please state the witness's name, address, and telephone number and a summary of
the testimony that such witness is expected to give.

<u>Answer:</u>

20.    Identify each and every document, correspondence, receipt, memoranda, report, summary, journal, note, statement, and all other documents upon which you relied or to which you referred in preparing your answers to these *Interrogatories*, and/or upon which you base any of your claims, defenses, or contentions.

**<u>Answer:</u>**

22.    To the extent that you denied any Requests for Admissions, explain in detail the reasons for your denial.

**Answer:**

23.    Explain with specificity your alleged health complications due to your evictions,

including: (1) the name of the doctor, (2) the practice of hospital name of where the doctor

practices, (3) the mailing address of the doctor, (4) any prescriptions prescribed, and (5) for each

date of visit, list: (a) the date, (b) the reason for visit, (c) the diagnosis, (d) the treatment provided

or recommended, (e) the amount billed for said visit, (f) the amount your health insurance

covered, and (f) your attempts to do as the doctor recommended.

**Answer:**

REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendant's *Interrogatories* to the Plaintiff and the Plaintiff's responses thereto are incorporated by reference herein.

1.    Produce all documents, records or other materials referred to or identified in any answer or other response in the Plaintiff's responses to the Defendant's *Interrogatories* to the Plaintiff.

2.    Produce all statements made by any party, any witness or any other person known to you relating in any way to the incidents alleged in the *Complaint*, whether expressed in writing or otherwise recorded, including but not limited to claims adjuster files, diaries, tape recordings, personal notes, calendar entries, memos, phone messages, and any documents containing any portions of or any references to any such statements.

3.    Produce copies of all proofs of purchase for the items listed in Interrogatory No. 4.

4.    Produce copies or originals of all records of any type listed in Interrogatory No. 2.

5.    Produce copies of all records, communications, and documents used in responding to Interrogatory No. 3.

6.    Produce complete copies of your individual Federal Income Tax Returns for the years of 2012 and 2013.

7.    Produce any and all documents, diagrams, transcribed or written material upon which any expert will rely whom you intend to call as a witness at the trial of this matter.

8.    Produce any and all paystubs received by you that include compensation for the dates of January 1, 2012 through September 12, 2014.

9.    Produce copies of all financial statements and applications made between January 1, 2012 through September 12, 2014, including, but not limited to financial aid applications, rental applications, scholarship applications, aid applications of any type, etc.

10.    Produce each and every document, correspondence, receipt, memoranda, report, summary, journal, note, statement, and all other documents upon which you relied or to which you referred in preparing your answers to these *Interrogatories,* and/or upon which you base any of your claims, defenses, or contentions.

11.    Produce any and all W2 forms received by you for the tax years of 2012 and 2013.

12.    Produce any and all documents, diagrams, transcribed or written material upon which any fact witness will rely whom you intend to call as a witness at the trial of this matter.

13.    Produce copies of your educational transcripts in full from Virginia Commonwealth University.

14.    Produce copies of any communications received from or sent to Virginia Commonwealth University and/or any of its faculty and/or students that reflect your claim of damages in this case.

15.    Produce copies of your educational transcripts in full from any other educational institution where you have taken any course, whether completed or not, since December 1, 2012 to date.

16.    Produce copies of each and every bank statement listed in your response to Interrogatory No. 13.

17.    Produce copies of each and every Complaint and Response listed in response to Interrogatory No. 15.

18.    For all visits listed as your response to Interrogatory No. 23, produce copies of all statements and invoices received from all physicians and institutions and your medical records from each provider starting from January 1, 2012 to date.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.    Admit that you purposely and knowingly left your personal property in the condominium belonging to Clifford Mack despite your knowledge of what would happen to said personal property if it was not removed by the eviction date.

**Response:**

2.    Admit that you signed the bankruptcy petition filed on September 27, 2012.

**Response:**

3.    Admit that you swore under oath on November 15, 2012 to the Chapter 13 Trustee at your § 341 hearing that the contents of your bankruptcy petition were correct as filed and that you owned no further property that what was listed on your petition.

**Response:**

4.    Admit that you were aware that bankruptcy schedules could be amended to correct

incorrect information, as you filed an amendment on October 12, 2012, adding Mr. Mack's lease

to your bankruptcy schedules.

**Response:**

5.    Admit that you did not file an objection to the Motion for Relief filed against you by Mr.

Mack in order to regain possession of his real property.

**Response:**

6.    Admit that you personally know how to amend your bankruptcy schedules, as you

prepared your own amendment that was filed on April 9, 2013.

**Response:**

7.     Admit that you purposefully did not remove your personal property from the
condominium owned by Clifford Mack so that you could instead try to collect money damages
from him.

**Response:**

8.     Admit that you purposefully did not remove your personal property even after eviction
from Clifford Mack so that you could instead try to collect money damages from him.

**Response:**

9.     Admit that you have sued multiple parties, blaming each for the damages that you claim
from the other.

**Response:**

10.     Admit that you have lied on documents filed with this court.

**Response:**

11.    Admit that you have lied during testimony in front of this court.

**Response:**

12.    Admit that you have lied to this court as to your reasons for not appearing at mandatory

hearings.

**Response:**

13.    Admit that you only owned personal property in the amount of $300.00 when you filed

your bankruptcy petition.

**Response:**

14.    Admit that you did not own the property that you alleged in your itemized affidavit

submitted to the court.

**Response:**

15.    Admit that the value of the property listed in your affidavit to the court does not have a

fair market value of $50,000.00.

<u>Response:</u>

16.    Admit that you failed your classes due to your own fault and not the fault of any other

party.

<u>Response:</u>

17.    Admit that you filed suit against Mr. Mack as a way to pay for classes that you missed

due to your own fault, even though you had no legal reason to do so.

<u>Response:</u>

18.    Admit that you testified under oath at your Chapter 7 § 341 hearing to the trustee that you

did not own any other property other than what was listed on your bankruptcy petition.

<u>Response:</u>

19.    Admit that Mack did not seize the property that you abandoned in his condominium.

**Response:**


20.    Admit that you understand it is a crime to lie to the court in both written materials and oral statements.

**Response:**


21.    Admit that you were given ample time to remove your personal property prior to your eviction.

**Response:**

22.    Admit that you e-mailed the real estate agent instead of e-mailing Mr. Mack directly after

your eviction in order to try to buy yourself more time.

**Response:**


23.    Admit that you requested that your personal property be removed to a storage unit.

**Response:**


24.    Admit that even after your personal property was removed to a storage unit and made

available to you, you refused to regain control over it and instead asked the court for the alleged

monetary value of said personal property.

**Response:**

25.    Admit that this entire lawsuit has been fabricated by you in an attempt to extort money

from Mr. Mack.

**Response:**

26.    Admit that you have filed other baseless lawsuits in attempts to extort money from other

parties.

**Response:**

27.    Admit that you lied on your bankruptcy petition.

**Response:**

CLIFFORD J. MACK

By:    /s/ Robert A. Canfield
Counsel

Robert A. Canfield, VSB#16901
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230
☎ 804-673-6600
🖷 804-673-6604
bcanfield@canfieldbaer.com
*Counsel for Clifford J. Mack*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2014, a copy of the foregoing Discovery Request was mailed by regular mail, postage prepaid to all necessary parties, as listed below, and was also sent via electronic mail as a convenience:

**Lois A. Yankah**
P. O. Box 85
Richmond, VA 23218

/s/ Robert A. Canfield
Robert A. Canfield

Exhibit B

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

IN RE: Lois A. Yankah

         **Debtor.**

CASE NO.:  12-35627-KLP

Chapter 7

LOIS A. YANKAH,

         Debtor/Plaintiff,

v.

CLIFFORD J. MACK,

         Defendant.

## CERTIFICATION PURSUANT TO FRCP 37(d)(1)(B)

COMES NOW Robert A. Canfield, on behalf of Plaintiff Clifford J. Mack, and states that he is acquainted with the facts set forth in the forgoing Motion to for Sanctions; that said Motion is being made only after Movant has, in good faith, attempted to secure Yankah's responses to Interrogatories, a Request for Production of Documents, and a Request for Admissions without court action; and that, to date, he has not received a response to these discovery requests.

                /s/ Robert A. Canfield
            Robert A. Canfield, VSB#16901
            Canfield, Baer & Heller, LLP
            2201 Libbie Avenue, Suite 200
            Richmond, VA 23230
            ☎ 804-673-6600
            🖷 804-673-6604
            bcanfield@canfieldbaer.com

**Kathleen Kruck Whitman**

| | |
|---|---|
| **From:** | Kathleen Kruck Whitman <KWhitman@canfieldbaer.com> |
| **Sent:** | Wednesday, October 22, 2014 3:27 PM |
| **To:** | lois2817@yahoo.com |
| **Subject:** | Discovery Deadline |

Dear Ms. Yankah,

We have not received your responses to the discovery requests that were sent to you on September 15, 2014.
Your deadline to respond has now passed. Please be advised that we will have no choice but to file a Motion for
Sanctions against you if we do not receive your responses in full within 24 hours from the time of this e-mail.

Kathleen Kruck Whitman
Paralegal to Robert A. Canfield, Esq.
and Hunter R. Wells, Esq.
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Ste. 200
Richmond, Virginia 23230
Phone: (804) 673-6600
Fax: (804) 673-6604
kwhitman@canfieldbaer.com



1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: Lois A. Yankah                                  CASE NO.:  12-35627-KLP
                              Debtor.                  Chapter 7

P. O. Box 85
Richmond, VA 23218

SSN / ITIN: xxx-xx-1935

## NOTICE OF HEARING ON MOTION FOR SANCTIONS

Clifford J. Mack has filed papers with this Court asking that sanctions be issued against Lois A. Yankah.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief requested in the objection, or if you want the Court to consider your views on the objection, then on or before 21 days after the filing of this motion, you or your attorney must:

▪ File with the Court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(h)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

Clerk of the Court
United States Bankruptcy Court
Eastern District of Virginia, Richmond Division
701 E. Broad Street
Richmond, VA 23219

You must also mail a copy to:

Robert A. Canfield, Esquire
2201 Libbie Ave., Suite 200
Richmond, VA  23230

☒ Attend the hearing scheduled on **October 30, 2014 at 10:00 a.m.,** in the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the request of Clifford J. Mack.

Date: October 24, 2014

_/s/ Robert A. Canfield_          .
Robert A. Canfield

Robert A. Canfield, VSB #16901
CANFIELD, BAER & HELLER, LLP
2201 Libbie Avenue, #200
Richmond, VA 23230
☎ 804-673-6600
🖷 804-673-6604
*Counsel for Clifford J. Mack*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th of October, 2014, a copy of the foregoing was either electronically transmitted and/or mailed by regular mail, postage prepaid to all necessary parties, as listed below:

**Lois A. Yankah**
P. O. Box 85
Richmond, VA 23218

/s/ Robert A. Canfield
Robert A. Canfield
