UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

Richmond Division

RICHMOND DIVISION
FILED NOV 5 2014
CLERK
U.S. BANKRUPTCY COURT

In Re: Lois A Yankah                                  Case Number: 12-35627-KLP

    Debtor/Plaintiff                                        Chapter 7

Vs

Clifford J. Mack

    Defendant

### RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO RULE 37 OF THE FEDERAL RULE OF CIVIL PROCEDURE FOR FAILURE TO RESPOND TO DISCOVERY REQUESTS AND MEMORANDUM IN SUPPORT THEREOF

Lois A. Yankah, the undersigned debtor responds to the above motion and states as follows;

- Debtor received a notice of hearing for the above motion dated October 24, 2014 and given 21 days from that date to file a response. ( attached)
- The same notice of hearing required Debtor's presence at a hearing on August 30, 2014; 6 days after the date it was filed.
- Her response was due 21 days post filing but required to appear for the hearing 15 days before her response is due.
- Unfortunately due to a family emergency debtor was unable to attend the hearing scheduled August 30, 2014 but timely responding to the motion as stated in the notice of hearing.
- The above motion filed is in violation of Federal Rules Of Bankruptcy Procedure FRBP 9011 (b)
- He unreasonably and vexatiously filed frivolous motion for sanctions pursuant to FRCP 37 on false/misleading pleadings certifying that he had made every good faith effort to meet and confer with appellant which is a lie to multiply the proceedings in the case; an abuse of judicial process.
- The discovery documents was served in violation of Federal Rule of Civil procedure 26 (f) which prohibits any party from serving discovery documents prior to meeting and conferring.
- Prior to serving the discovery document he made no contact to meet and confer with Debtor
- This is the second time Mr. Robert Canfield has violated the same Federal Rule of Civil procedure 26 and Federal Rule of Bankruptcy Procedure 9011 (b)
- In an adversary proceeding between the same parties he served discovery documents prior to meeting and conferring
- He filed misleading and false pleadings under federal Rules Civil procedure 37 convincing the court under his false pleadings to grant him an order compelling discovery and possible sanctions when he made no good faith effort to contact debtor to meet and confer.
- This violation was brought to the attention of the court but the court failed to address Mr. Canfield's blunt disregard of federal rules of civil procedure

- Debtor was questioned as to why she been the defendant did not attempt to contact counsel for plaintiff to meet and confer for discovery on a suit they had filed.
- The court did not at any point during the hearing confront Mr. Canfield on his failure to comply with the Rules of Civil and bankruptcy procedure as an attorney.
- He had the support of the court to get away with his noncompliance of the Rules Of Civil and Bankruptcy Procedures
- It is fair that if debtor is questioned or reprimanded on Rule of civil procedure 26 so must the counsel for plaintiff for his failure to comply. The act of a judge to favor one party over another during a hearing is a violation of RULE 2.06 under the second canon of a judge requiring a judge to uphold and apply the law,* and decide all cases with impartiality and fairness.
- Because of the court's failure to address Mr. Canfield's blunt disregard of the law he has repeated the exact same violation ; serving discovery documents prior to meeting and conferring , signing false and misleading statements to get an order granting sanctions under Federal Rule of Civil procedure 37 which violates Federal Rules of bankruptcy procedure 9011 (b).
- This issue was not only raised by debtor in an email to Mr. Canfield and in court during the adversary proceeding but also in an appeal to the district court requesting for him to be sanctioned listing every violation.
- This should have prevented him from filing this motion but he did anyway.


Wherefore Debtor moves this court to not only deny and dismiss the motion for sanctions filed against her but SANCTION Mr. Robert Canfield pursuant to Federal Rule of Bankruptcy Procedure 9011 (c) for his consecutive and repeated violation of federal rule of civil procedure 26 , Federal Rule of Bankruptcy Procedure 9011 (b) and his abuse of judicial system.


Respectfully Submitted


Lois A. Yankah

November 3, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this foregoing response was sent via U.S. Mail, postage prepaid this 3 day of November 2014 to the following:

Robert Canfield

Canfield, Heller and Baer LLP

2201 Libbie Avenue, Suite 200

Richmond VA, 23230

Lois A. Yankah

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: Lois A. Yankah                       CASE NO.: 12-35627-KLP
           Debtor.                                      Chapter 7

P. O. Box 85
Richmond, VA 23218

SSN / ITIN: xxx-xx-1935

### NOTICE OF HEARING ON MOTION FOR SANCTIONS

     Clifford J. Mack has filed papers with this Court asking that sanctions be issued against Lois A. Yankah.

     **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the Court to grant the relief requested in the objection, or if you want the Court to consider your views on the objection, then on or before 21 days after the filing of this motion, you or your attorney must:

■ File with the Court, at the address shown below, a written request for a hearing [or a written response pursuant to Local Bankruptcy Rule 9013-1(h)]. If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

            Clerk of the Court
            United States Bankruptcy Court
            Eastern District of Virginia, Richmond Division
            701 E. Broad Street
            Richmond, VA 23219

You must also mail a copy to:

            Robert A. Canfield, Esquire
            2201 Libbie Ave., Suite 200
            Richmond, VA 23230

- Attend the hearing scheduled on **October 30, 2014 at 10:00 a.m.,** in the United States Bankruptcy Court, 701 East Broad Street, Room 5100, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the request of Clifford J. Mack.

Date: October 24, 2014

/s/ Robert A. Canfield
Robert A. Canfield

Robert A. Canfield, VSB #16901
CANFIELD, BAER & HELLER, LLP
2201 Libbie Avenue, #200
Richmond, VA 23230
☎ 804-673-6600
🖶 804-673-6604
*Counsel for Clifford J. Mack*

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th of October, 2014, a copy of the foregoing was either electronically transmitted and/or mailed by regular mail, postage prepaid to all necessary parties, as listed below:

**Lois A. Yankah**
P. O. Box 85
Richmond, VA 23218

/s/ Robert A. Canfield
Robert A. Canfield